IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLIE L. JONES, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 1:12-CV-3545-TWT |
| JONTHON GOLDBERG, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| CHARLIE L. JONES, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 1:12-CV-3547-TWT |
| ROGER PARHAM, | : | |
| Defendant. | : | |

**ORDER, FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, proceeding pro se, seeks to file these civil actions without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a). Upon consideration of Plaintiff's affidavits of indigency, [Doc. 1],[1] Plaintiff's requests to proceed in forma pauperis are hereby **GRANTED** for the purpose of dismissal; however, service **SHALL NOT ISSUE** at this time. The undersigned **RECOMMENDS** that each of Plaintiff's complaints be **DISMISSED** for lack of subject matter jurisdiction.

---

[1] Unless otherwise noted, each citation to the record applies to both cases.

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court may dismiss a pro se in forma pauperis complaint if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim for which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

Here, Plaintiff's complaints are largely identical, save for the Defendants' names and amounts in controversy. Each complaint alleges that Plaintiff received a judgment against each Defendant, in what appears to be two different state court actions, and that each Defendant has refused to satisfy those judgments. [Doc. 1-1 at 1]. Although Plaintiff's complaints are not clear on this point, it appears to the undersigned that Plaintiff is seeking enforcement of those state court judgments in federal court.

After carefully reviewing both complaints, the undersigned finds that, on the basis of the facts alleged, the Court is without subject matter jurisdiction to hear either case. "Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Congress has granted the federal courts with jurisdiction

2

over diversity actions and cases raising a federal question. See 28 U.S.C. §§ 1331 and 1332.

First, the undersigned finds that diversity jurisdiction would not be appropriate for either case. Under § 1332(a), a diversity action requires the parties to be citizens of different states and the amount in controversy to exceed $75,000. Here, neither requirement appears to be met. Plaintiff identifies a different Defendant in each complaint, but he alleges both to be residents of Georgia. [Doc. 1-1 at 1]. Although Plaintiff does not identify his own residency on the civil cover sheets, he states in each complaint that he lives in Lithonia, Georgia. [Id.]. Moreover, Plaintiff seeks judgments of $1,250 against Defendant Jonthon Goldberg and $2,500 against Defendant Roger Parham, which fall far short of the amount in controversy requirement of § 1332. [Id.]. Thus, the Court does not have jurisdiction over either case under § 1332.

Additionally, the undersigned finds that neither of Plaintiff's complaints raises a federal question. Whether federal question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987) (citation omitted). Here, the thrust of Plaintiff's complaints appears to be the enforcement of

AO 72A
(Rev.8/82)

his state court judgments in federal court. Plaintiff, however, does not allege the cause(s) of action on which he prevailed in state court, nor does he identify any federal statutes under which the actions were brought. Thus, nowhere on the face of either complaint does Plaintiff assert a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, the Court does not have subject matter jurisdiction over either case pursuant to a federal question. See Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151, 154 n.1 (5th Cir. 1974) ("[A] fight over the enforcement of a state court judgment is not automatically entitled to a federal arena.");[2] Ramirez v. Gonzalez, No. 6:08-cv-20-Orl-19GJK, 2008 WL 190589, at *1 (M.D. Fla. Jan. 22, 2008) (finding no federal question subject matter jurisdiction when plaintiff merely sought enforcement of Nevada state court judgment).

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaints be **DISMISSED** for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to submit this matter to the District Court and **DIRECTED** to refrain from forwarding the Complaint to the United States Marshal's Service for the purpose of effecting service until the District Judge so orders.

---

[2] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

**SO ORDERED AND RECOMMENDED**, this 23rd day of October, 2012.

                                               s/ *E. Clayton Scofield*
                                               E. CLAYTON SCOFIELD III
                                               UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)